THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **RAYMOND A. GIERBOLINI-RODRÍGUEZ, et al.**<br><br>**Plaintiffs,**<br><br>v.<br><br>**COMMONWEALTH OF PUERTO RICO, et al.**<br><br>**Defendants.** | **Civil No. 15-2607 (ADC)** |

**OPINION AND ORDER**

**I.   Introduction**

On October 21, 2015, plaintiffs Raymond A. Gierbolini-Rodríguez ("Gierbolini"), his wife Gladyana Yournet, and their Conjugal Partnership commenced this civil action by filing a complaint against Puerto Rico Police Superintendent José L. Caldero-López ("Caldero") in his official capacity, Puerto Rico Justice Secretary César A. Miranda-Rodríguez ("Miranda") in his official capacity, and Puerto Rico Police Officer Radames Rivera-Acosta ("Rivera") (collectively "defendants"), among others.[1] **ECF No. 1**. The complaint alleges violations of plaintiffs' rights

---

[1] Plaintiffs' complaint is also against the Commonwealth of Puerto Rico, the Puerto Rico Police Department, the Puerto Rico Justice Department, Puerto Rico Police Officer Alfred S. Jaxon-Rodríguez, and some John Doe police employees and insurers. **ECF No. 1**. On October 28, 2015, the Clerk of Court issued plaintiffs summonses for these co-defendants. **ECF No. 4**. Although a year has passed, plaintiffs have not yet filed proof of service as to these co-defendants pursuant to Federal Rule of Civil Procedure 4(l). Moreover, these co-defendants have not yet entered the action. Accordingly, the Court hereby notifies plaintiffs that, following the publication of this Opinion and Order, it will dismiss the action as to these co-defendants pursuant to Federal Rule of Civil Procedure 4(m).

under federal and local law, stemming from Rivera's alleged abuses of his authority, and seeks monetary damages pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, and Puerto Rico law. *Id.*, ¶¶ 2-3, 19-34. Defendants answered the complaint. **ECF Nos. 9**, **12**. Defendants then moved the Court for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that Caldero and Miranda are entitled to Eleventh Amendment immunity and that the complaint is untimely. **ECF No. 13**. Plaintiffs opposed the motion. **ECF No. 16**. Defendants, with leave of the Court, replied to the opposition. **ECF No. 19**. The Court now grants defendants' motion in part, denies it in part, and orders briefing on whether to dismiss plaintiffs' remaining claims.

## II.     Legal Standards

"[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Davidson* v. *Howe*, 749 F.3d 21, 27 (1st Cir. 2014) (alteration in original) (quoting *Edelman* v. *Jordan*, 415 U.S. 651, 663 (1974)). "This is true whether the named defendant is the state itself or, as here, a state official in h[is] official capacity." *Id*. (citing *Rosie D. ex rel. John D.* v. *Swift*, 310 F.3d 230, 234 (1st Cir. 2002)). "The Commonwealth of Puerto Rico is treated as a state for purposes of Eleventh Amendment immunity analysis." *Díaz-Fonseca* v. *Puerto Rico*, 451 F.3d 13, 33 (1st Cir. 2006) (citing *Redondo Constr. Corp.* v. *P.R. Highway & Transp. Auth.*, 357 F.3d 124, 125 n.1 (1st Cir. 2004)). As a result, Puerto Rico officials are immune from such suits regardless of whether the claims arise under federal or local law. *Id.*; *see also Lebrón* v. *Puerto Rico*, 770 F.3d 25, 32-33 (1st Cir. 2014).

Puerto Rico "can waive its immunity in three ways: '(1) by a clear declaration that it intends to submit itself to the jurisdiction of a federal court . . .; (2) by consent to or participation in a federal program for which waiver of immunity is an express condition; or (3) by affirmative conduct in litigation.'" *Díaz-Fonseca*, 451 F.3d at 33 (ellipsis in original) (quoting *New Hampshire* v. *Ramsey*, 366 F.3d 1, 15 (1st Cir. 2004)).  "[T]he Commonwealth's 'waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts.'" *Id*. (quoting *Pennhurst State Sch. & Hosp.* v. *Halderman*, 465 U.S. 89, 99 n.9 (1984)).

"A [statute of] limitations defense may be asserted through a motion for judgment on the pleadings when it appears on the face of the properly considered documents that the time for suit has expired." *Jardín de las Catalinas Ltd. P'ship* v. *Joyner*, 766 F.3d 127, 132 (1st Cir. 2014) (citing *Rivera-Gomez* v. *De Castro*, 843 F.2d 631, 632 (1st Cir. 1988)). Of all the federal civil-rights acts, "[o]nly 42 U. S. C. § 1986 contains a statute of limitations." *Burnett* v. *Grattan*, 468 U.S. 42, 48 (1984).  To be specific, it has a one-year limitations period.  42 U.S.C. § 1986; *see also Burnett*, 468 U.S. at 48 n.12.  And, pursuant to 42 U.S.C. § 1988(a), "[s]ections . . . 1983, and 1985 borrow the forum state's statute of limitations for personal injury claims." *Rodríguez-García* v. *Mun. of Caguas*, 354 F.3d 91, 96 (1st Cir. 2004).  Here, the parties agree that the applicable limitations period under Puerto Rico law is one year.  *See* **ECF Nos. 13**, ¶ 14; **16** at 5; *see also* 31 L.P.R.A. § 5298(2).  "Th[is] statute of limitations begins to run 'when the plaintiff knows, or has reason to know of the injury on which the action is based.'" *Vélez-Vélez* v. *P.R. Highway & Transp. Auth.*, 795 F.3d 230, 235 (1st Cir. 2015) (quoting *Vega* v. *Cruz-Burgos*, 537 F.3d 14, 20 (1st Cir. 2008)).

"[J]ust as we borrow the state's limitations period in [federal civil-rights actions], so too we borrow the state's tolling rulings." *Martínez-Rivera* v. *Puerto Rico*, 812 F.3d 69, 74-75 (1st Cir. 2016) (citing *Rodríguez* v. *Mun. of San Juan*, 659 F.3d 168, 173 (1st Cir. 2011)). "One tolling rule [in Puerto Rico] – a rule courts construe narrowly against the person seeking its protection – provides that an 'extrajudicial claim' can 'interrupt[]' the statute of limitations, causing the limitations period to restart." *Id*. at 75 (final alteration in original) (quoting 31 L.P.R.A. § 5303). "An extrajudicial claim, such as an administrative [one], must meet three requirements to toll the limitations period: 'The claim must be made by the holder of the substantive right (or his legal representative), . . . it must be addressed to the debtor or passive subject of the right, not to a third party, . . . and it must require or demand the same conduct or relief ultimately sought in the subsequent lawsuit.'" *Vega*, 537 F.3d at 21 (alterations in original) (quoting *Rodríguez-Navarez* v. *Nazario*, 895 F.2d 38, 44 (1st Cir. 1990)). "Although prescription [*i.e.*, the applicable statute of limitations] is an affirmative defense, once it has been raised, the burden of proving that prescription has been interrupted shifts to the plaintiff." *Tokyo Marine & Fire Ins. Co.* v. *Pérez y Cia, de P.R., Inc.*, 142 F.3d 1, 4 (1st Cir. 1998) (citing Puerto Rico case law).

### III.   Factual Allegations

According to the complaint, defendants are liable to plaintiffs by virtue of Police Officer Rivera's conduct. *See* **ECF No. 1**. In particular, the complaint alleges that, on August 30, 2014, Rivera falsely arrested Gierbolini on his boat, in Puerto Rico's Boqueron Bay, in the presence of his wife and children. *Id*. at ¶¶ 19-23. Upon taking Gierbolini into custody, Rivera allegedly

told him, "I am a friend of Osorio, you will see what is coming for you," an alleged reference to a complaint that Gierbolini had filed against another officer "for unwanted sexual advances against [Gierbolini's wife]." *Id*. at ¶ 23. The complaint recounts a series of threats, abuses, and dangers that Rivera allegedly unleashed on Gierbolini, ending with Gierbolini's release, later that day, after he was able to complain to a third party that he was being falsely imprisoned. *Id*. at ¶¶ 24-31. The complaint alleges that, on "several" subsequent dates, Rivera followed Gierbolini around town, to his home, his work, and even his recreations. *Id*. at ¶ 32. Finally, the complaint alleges that, on January 27, 2015, Rivera sent two police officers to Gierbolini's workplace – a local post office – to arrest him, but that he was not there at the time. *Id*. at ¶ 33. Upon learning of the officers' visit, Gierbolini had the postmaster telephone the police station. *Id*. at ¶ 34. During that telephone call, the postmaster was allegedly told that there were no active complaints or warrants against Gierbolini. *Id*. At some point, Gierbolini "duly notified" the Commonwealth about his allegations by filing "several administrative claims." *Id*. at ¶ 7.

### IV. **Analysis and Discussion**

The Court finds that Caldero and Miranda are immune from this action pursuant to the Eleventh Amendment. Both of them are being sued in their official capacities. **ECF No. 1** at 1. The only relief that the action seeks is monetary damages. *Id*. at 14. And, the action does not fit into any exception to Eleventh Amendment immunity. *See Díaz-Fonseca*, 451 F.3d at 33. As a result, as defendants argue, Caldero and Miranda are both immune from the present action. *See* **ECF No. 13** at ¶¶ 28-34; *see also Davidson*, 749 F.3d at 27.

Plaintiffs argue, nonetheless, that Caldero and Miranda are amenable to suit. *See* **ECF No. 16** at 7-8. In particular, plaintiffs contend that Caldero and Miranda may be sued in their official capacities for monetary damages pursuant to local-law causes of action. *Id*. at 7. In the alternative, plaintiffs maintain that they "have the right to amend their complaint . . . to seek a permanent injunction" against Caldero and Miranda. *Id*. The Court rejects both arguments.

As noted above, Eleventh Amendment immunity applies to local-law causes of action, as well as to federal ones. *Díaz-Fonseca*, 451 F.3d at 33; *see also Lebrón*, 770 F.3d at 32-33. And, plaintiffs offer no authority or reasoning as to why Eleventh Amendment immunity would not also apply to their causes of action under Puerto Rico law. *See* **ECF No. 16** at 7-8. Thus, "any argument in th[at] regard is waived for lack of development." *Lebrón*, 770 F.3d at 33. In any event, the only Puerto Rico statute that plaintiffs cite in support of the Court's jurisdiction is Law 104, 32 L.P.R.A. § 3077. *See* **ECF Nos. 1** at ¶ 7; **16** at 5. That particular statute waives the Commonwealth's sovereign immunity as to certain actions "before the Court of First Instance of Puerto Rico." 32 L.P.R.A. § 3077. However, "Law 104 . . . does not extend that waiver to suits filed in federal court." *Lebrón*, 770 F.3d at 32-33 (quoting *Díaz-Fonseca*, 451 F.3d at 33).

Plaintiffs are also wrong to assert that they still have a right to amend their complaint to pray for an injunction. *See* **ECF No. 16** at 7. Their right to amend the complaint as a matter of course expired about one year ago. *See* Fed. R. Civ. P. 15(a)(1). At this juncture, plaintiffs may amend the complaint only with defendants' written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). Although plaintiffs have not yet moved for such leave, the Court sees no reason to

grant it. "To justify an injunction when the incident now lies in the past, there must be a 'real and immediate threat' of future legal violations rather than an abstract or conjectural one." *Asociación de Periodistas de P.R.* v. *Mueller*, 680 F.3d 70, 84-85 (1st Cir. 2012) (citing *City of Los Angeles* v. *Lyons*, 461 U.S. 95, 101 (1983)). But plaintiffs fail to provide a reason to believe that defendants pose a real threat of future injury to them. In their opposition, plaintiffs are clear that their complaint only concerns "incidents that took place between August 30, 2014[,] and January 27, 2015." **ECF No. 16** at 7. Thus, with no alleged misconduct having occurred since early 2015, plaintiffs are not in a position to prove, let alone allege, a need for injunctive relief.

Next, the Court finds that plaintiffs' federal-law claims concerning the August 30, 2014 incident are untimely under the applicable one-year statute of limitations. This untimeliness "appears on the face of the properly considered documents" because the complaint was filed on October 21, 2015, more than a year after August 30, 2014. *See Joyner*, 766 F.3d at 132 (citing *Rivera-Gomez*, 843 F.2d at 632); *see also* **ECF No. 1**. And, as defendants point out, *see* **ECF No. 19** at ¶ 2, plaintiffs fail to argue that the limitations period was ever interrupted or tolled, *see* **ECF No. 16**. In any event, the Court finds nothing in their pleadings or their briefing that indicates that such an interruption or tolling ever occurred. For example, plaintiffs' reference to having filed "several administrative claims" does not indicate that the limitations period was thereby interrupted. *See* **ECF No. 1** at ¶ 7. After all, plaintiffs do not allege, let alone prove, when they filed the claims, with whom they filed them, what they alleged, or what relief they requested.

*See id*. Thus, plaintiffs have failed to show that their administrative claims satisfied the three requirements necessary to interrupt or toll the statute of limitations. *See Vega*, 537 F.3d at 21.

For the aforementioned reasons, the Court finds that plaintiffs' local-law claims about the August 30, 2014 incident are also untimely. As defendants point out, plaintiffs' federal-law claims are time-barred only if their "analogous cause[s] of action" under Puerto Rico law are also time-barred. **ECF No. 13** at ¶¶ 12-14. After all, as was indicated above, plaintiffs' federal-law and local-law claims share a one-year statute of limitations. *See Rodríguez-García*, 354 F.3d at 96; *see also* 42 U.S.C. §§ 1986, 1988(a); 31 L.P.R.A. § 5298(2). Accordingly, since plaintiff's federal-law claims are untimely, their local-law claims are also untimely. **ECF No. 13** at ¶ 35.

By contrast, the Court finds that defendants do not warrant judgment, at this time, as to plaintiffs' claims regarding the January 27, 2015 incident or the incidents of Rivera following Gierbolini around town. *See Joyner*, 766 F.3d at 132 (citing *Rivera-Gomez*, 843 F.2d at 632). As plaintiffs state and defendants do not dispute, the October 21, 2015 complaint timely raised its claims regarding the January 27, 2015 incident. *See* **ECF Nos. 16** at 6; **19** at ¶¶ 2, 6. And, since plaintiffs do not specify when Rivera allegedly followed Gierbolini about town, it is not clear, on the face of the pleadings, whether those claims are untimely. *See* **ECF Nos. 1** at ¶ 32; **16** at 7.

Plaintiffs argue, nonetheless, that their claims regarding the August 30, 2014 incident are not time-barred because the January 27, 2015 incident was "part of [the same] continuing criminal enterprise, performed directly by [defendants]." **ECF No. 16** at 6. The Court rejects the

argument as unavailing. Plaintiffs' timely claims about the January 2015 incident cannot be used to save their claims about the August 2014 incident from being time-barred.

First, although plaintiffs contend, in passing and without citation, that their complaint "established" that the later incident was "part of a continuing criminal enterprise, performed directly by [defendants]," **ECF No. 16** at 6, the complaint did no such thing, *see* **ECF No. 1**. In fact, the complaint never alleges the existence of a continuing criminal enterprise; nor does it allege, despite invoking 42 U.S.C. § 1985, the existence of a conspiracy, except in a conclusory manner. *See* **ECF No. 1** at ¶¶ 46, 55-56. Those conclusory allegations, "though presented as an assertion of fact, simply describe[] the legal conclusion that the plaintiffs sought to infer from the other conduct alleged in the complaint." *Ocasio-Hernáandez* v. *Fortuño-Burset*, 640 F.3d 1, 10 (citing *Ashcroft* v. *Iqbal*, 556 U.S 662, 680 (2009)). Thus, the allegations may be disregarded. *Id*.

Second, the Court agrees with defendants that the very concept of a continuing criminal enterprise, a criminal-law concept set forth in 21 U.S.C. § 848, "has no bearing on a civil rights complaint." *See* **ECF No. 19** at ¶ 5. If an argument can be made to the contrary, plaintiffs have waived it "for lack of adequate development in briefing." *See United States* v. *Morosco*, 822 F.3d 1, 10 (1st Cir. 2016) (citing *Rodríguez*, 659 F.3d at 176). And, if plaintiffs meant to refer, instead, to the similarly-named continuing-violation doctrine, not only has that argument been waived as well, but the Court agrees with defendants that the doctrine does not apply here, either. **ECF No. 19** at ¶¶ 5-6. After all, the continuing-violation doctrine only "lets one put off suing until a series of acts by the future defendant 'blossoms' into a wrongful 'injury on which suit can be

brought.'" *Rodríguez*, 659 F.3d at 174 (quoting *Pérez-Sánchez* v. *Public Bldg. Auth.*, 531 F.3d 104, 107 (1st Cir. 2008)). The doctrine does not apply where, as here, a discrete wrongful act is clearly "actionable on its own." *Id*. (citing *Nat'l R.R. Passenger Corp.* v. *Morgan*, 536 U.S. 101, 113, 115 (2003)). And, the allegations show that it was perfectly clear that the August 2014 incident was actionable on its own. *See* **ECF No. 1** at ¶¶ 23-31. Thus, the continuing-violation doctrine cannot rescue plaintiffs' claims about that incident from being time-barred under the one-year limitations period. *See Vélez-Vélez*, 795 F.3d at 235; *see also Rodríguez*, 659 F.3d at 174.

In their reply to plaintiffs' opposition, defendants argue for the first time that plaintiffs' causes of action regarding the January 27, 2015 incident fail to state a claim upon which relief can be granted. **ECF No. 19** at ¶ 4. The Court finds that defendants have a strong case that the incident is not actionable as a civil-rights violation. After all, under Puerto Rico and federal law, the police may, under a variety of circumstances, arrest an individual without a warrant or pre-existing complaint. *See* P.R. Laws Ann. tit. 34 App. II, R. 11; *see also Robinson* v. *Cook*, 706 F.3d 25, 33 (1st Cir. 2013) (citing *Devekpeck* v. *Alford*, 543 U.S. 146, 152-154 (2004)). Moreover, the alleged attempt of two police officers to arrest Gierbolini at a public post office, when he was not even there, appears to have resulted in little more than a threat of arrest that did not deprive him of an identifiable right, privilege, or immunity. *See Earle* v. *Benoit*, 850 F.2d 836, 845 (1st Cir. 1988) (holding that a police officer having called the plaintiff "'scum,' invited him to fight and threatened to arrest him" does not, "individually or collectively, arise to the level of deprivations of rights" actionable under 42 U.S.C. § 1983). Similarly, although neither party discusses the

incidents involving Rivera allegedly following Gierbolini about town, it is well-settled law that the police do not violate the rights of an individual simply by following the individual around public spaces.  *See*, *e.g.*, *United States* v. *Knotts*, 460 U.S. 276, 281-285 (1983).

However, the Court may not dismiss the complaint based on arguments first raised in defendants' reply because plaintiffs have not had a fair chance to respond to them.  *See Rivera-Carrasquillo* v. *Centro Ecuestre Madrigal, Inc.*, 812 F.3d 213, 228 n.29 (1st Cir. 2016).  Accordingly, the Court hereby notifies the parties that it is considering a dismissal of plaintiffs' remaining causes of action on the grounds set forth in the preceding paragraphs.  To this end, the Court will order the parties to brief whether plaintiffs' remaining causes of actions – which concern the January 27, 2015 incident and the incidents of Gierbolini being followed about town by Rivera, among others – warrant dismissal, as well, for failing to state a claim.

### V.     Conclusion

In sum, the Court hereby **GRANTS IN PART** and **DENIES IN PART** the motion for judgment on the pleadings.  *See* **ECF No. 13**.  In particular, the Court **DISMISSES** the action as to Caldero and Miranda because they enjoy Eleventh Amendment immunity.  The Court also **DISMISSES**, as time-barred, plaintiffs' claims regarding the alleged August 30, 2014 incident.  However, the Court leaves in place, for the time being, plaintiffs' federal and local-law claims about the January 27, 2015 incident and the incidents of Gierbolini being followed about town.

As to those remaining claims, the Court **ORDERS** the remaining parties to file briefs on whether the claims should be dismissed, pursuant to Federal Rule of Civil Procedure 12(c), for

failing to state a claim upon which relief can be granted. **Defendants have twenty-one (21) days** from the publication of this opinion and order to submit a brief on the issue, which must comply with Local Civil Rule 7(d) and not be more than twelve (12) pages long**. Plaintiffs will then have ten (10) days** from the filing of defendants' brief to file a response, which also must comply with Local Civil Rule 7(d) and not be more than eight (8) pages long.

    **SO ORDERED**.

    At San Juan, Puerto Rico, on this 9th day of March, 2017.

                                                    **S/AIDA M. DELGADO-COLÓN**
                                                    **Chief United States District Judge**